Filed 7/30/14  P. v. Villalobos CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARLOS YUVINI VILLALOBOS,<br><br>    Defendant and Appellant. | B249485<br><br>(Los Angeles County<br>Super. Ct. No. KA097714) |


APPEAL from a judgment of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The jury convicted defendant Carlos Villalobos of second degree robbery and second degree commercial burglary. In this appeal from the judgment, we conclude the convictions are supported by substantial evidence, and we affirm.

On January 24, 2012, a man entered a 7-Eleven store and took a case of beer without paying for it. He ran out of the store and ignored a store employee's shouts to come back. The store posted the man's photograph, which was taken from a surveillance videotape, on the wall behind the cash register.

Two months later, a detective with the Baldwin Park Police Department, Julio Alvarez, saw the picture on the wall of the store and thought the man in the photo resembled defendant, a suspect in another case. Alvarez knew that defendant had been accused by an acquaintance, Jesse Lepe, of taking his silver chain and pendant by force.

In order to determine whether defendant was the person who committed the 7-Eleven burglary, Alvarez showed the store employee who witnessed the crime, Rodil Velasco, a photo lineup that included defendant's photograph.[1] Velasco selected defendant's photograph and identified him as the person who had stolen the case of beer from the store.

Defendant was charged with second degree robbery as to Lepe, and second degree commercial burglary as to the 7-Eleven store. (Pen. Code, §§ 211, 459.)[2]

At trial, Lepe identified defendant as the acquaintance who had hit him several times before robbing him of a silver chain and pendant. Defendant's friend, Mario Mercado, testified that he had confronted defendant, who was staying at his apartment, after finding a silver chain in the toilet at the apartment. According to Mercado's testimony, the chain had a pendant with an Aztec calendar, which matched the description of the necklace stolen from Lepe. Mercado testified that when he confronted defendant about the necklace, defendant stated that he had done Mercado a favor by beating up Lepe and taking his chain. Mercado explained that defendant was trying to

---

[1] The photo lineup was admitted into evidence at trial.

[2] All further undesignated statutory references are to the Penal Code.

help him because Lepe had punched and assaulted him and called him names.

Velasco testified that defendant was the person who had run from the 7-Eleven store with a case of beer. On cross-examination, Velasco testified that he was able to see defendant's face when he entered the store. Velasco denied seeing any marks on defendant's face or a scar over his left eye. Velasco, who is far-sighted, testified that he was wearing glasses during the burglary.[3] The jury was also shown the store's surveillance videotape of the burglary and the photograph, which was printed from the videotape, of the burglary suspect.

Defendant did not present any witnesses at trial. In closing argument, his counsel argued that Lepe's testimony regarding the robbery was not credible and was not supported by corroborating evidence such as a receipt or photograph of the chain and pendant. Defense counsel also argued that defendant was not the person depicted in the 7-Eleven store's surveillance videotape and photograph. Counsel asserted the videotape was unreliable because there was "something" blocking the view of the suspect and the

_____

[3] The jury received the following instruction on eye witness identifications (CALCRIM 315): "You have heard eyewitness testimony identifying the defendant. As with any other witness, you must decide whether an eyewitness gave truthful and accurate testimony. In evaluating identification testimony consider the following questions: Did the witness know or have contact with the defendant before the event? How well could the witness see the perpetrator? What were the circumstances affecting the witness's ability to observe, such as lighting, weather conditions, obstructions, distance, and duration of observation? How closely was the witness paying attention? Was the witness under stress when he or she made the observation? Did the witness give you a description and how does that description compare to the defendant? How much time passed between the event and the time when the witness identified the defendant? Was the witness asked to pick the perpetrator out of a group? Did the witness ever fail to identify the defendant? Did the witness ever change his or her mind about the identification? How certain was the witness when he or she made an identification? Are the witness and the defendant of different races? Was the witness able to identify other participants in the crime? Was the witness able to identify the defendant in the photographic or physical lineup? Were there any other circumstances affecting the witness's ability to make an accurate identification? The People have the burden of proving beyond a reasonable doubt that it was the defendant who committed the crime. If the People have not met this burden, you must find the defendant not guilty."

item he was carrying. In addition, he argued that "no officer was able to [say] whether they could see a scar or not on that face."

The jury convicted defendant of second degree robbery and second degree burglary. The trial court imposed a base mid-term sentence of three years for the robbery conviction (§ 213, subd. (a)(2)), and a consecutive eight months for the burglary conviction (1/3 the mid-term of two years) (§§ 461, 1170, subd. (h)(1)). He received a total sentence of three years and eight months.

Defendant timely appealed from the judgment. We appointed counsel to represent him. After reviewing the record, counsel filed an opening brief that requested our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to send the record and a copy of the opening brief to defendant, and notified defendant that he had 30 days within which to submit any contentions or issues that he wished us to consider.

We received defendant's one-page, handwritten letter in which he challenged the sufficiency of the evidence to support his convictions. His letter argued that the prosecution's evidence failed to establish that he had committed either crime. His letter pointed out that he has a "pretty big" scar on his face; it also stated, without providing any explanation, that he had an alibi as to the robbery.

The applicable standard of review for evaluating the sufficiency of the evidence is as follows: "When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.]" (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) "A judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error. [Citation.] Thus, when a criminal defendant claims insufficiency of the evidence on a particular element of the crime of which he was convicted, we presume the evidence of that element was sufficient, and the defendant bears the burden of convincing us otherwise. To do so, the defendant must

4

present his case to us in a manner consistent with the substantial evidence standard of review. That is, the defendant must set forth in his opening brief all of the material evidence on the disputed element in the light most favorable to the prosecution, and then must persuade us that that evidence cannot reasonably support the jury's verdict. [Citation.]" (*People v. Battle* (2011) 198 Cal.App.4th 50, 62.)

Measured by these standards, defendant's letter falls short of raising a proper challenge to the sufficiency of the evidence. As to the burglary conviction, defendant restricts his analysis to the evidence most favorable to himself—his facial scar—and fails to consider the prosecution's reasonable, credible, and solid evidence from which a reasonable jury could find that he had stolen the carton of beer from the store. As to the robbery conviction, defendant mentions an alibi defense that he does not explain or contend was presented at trial.

We have conducted our own review of the record and are convinced the prosecution's evidence provided substantial support for defendant's convictions of the burglary and robbery charges. The identification evidence was strong and the jury was properly instructed as to the factors to be considered when evaluating eyewitness identification testimony. Also, the scar on defendant's face was brought to the jury's attention during defense counsel's closing argument. The jury was thus well-equipped to evaluate the significance of the facial scar in relation to the store employee's identification testimony and the store's surveillance videotape and photograph of the suspect. We conclude the jury's finding that defendant committed the burglary is supported by substantial evidence.

As to the robbery, Lepe, who was acquainted with defendant, identified him in court as the person who had robbed him of the necklace after hitting him several times. Defendant's friend Mercado testified that he had found the necklace hidden in the toilet at his apartment where defendant was staying. Moreover, Mercado testified that defendant had admitted beating up Lepe and taking his necklace. Defendant's cryptic reference to an alibi fails to cast doubt on the validity of his conviction because there is nothing to

5

indicate that an alibi defense was presented to the jury.  We conclude the jury's finding that defendant committed the robbery is supported by substantial evidence.

For all of the above reasons, we are satisfied that defendant's attorneys have fully complied with their responsibilities and that no arguable appellate issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

MANELLA, J.

6